## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MARISOL VEGA,**

     **Plaintiff,**

v.                          **Case No. 8:21-cv-1450-MSS-AAS**

**GEICO GENERAL INSURANCE
COMPANY,**

     **Defendant.**

_____/

## ORDER

Plaintiff Marisol Vega moves to compel responses to interrogatories and requests for production (RFPs) from Defendant Geico General Insurance Company (GEICO). (Doc. 25). GEICO responds in opposition. (Doc. 26). GEICO moves to compel responses to RFPs from Ms. Vega. (Doc. 28). Ms. Vega responds in opposition. (Doc. 29). Ms. Vega's motion is **GRANTED IN PART** and **DENIED IN PART**, and GEICO's motion is **GRANTED**.

## I.    BACKGROUND

This dispute arises from injuries Ms. Vega allegedly suffered from a March 1, 2020 car accident. (Doc. 1). Ms. Vega filed this action in state court on May 24, 2021 and alleged multiple claims against GEICO, Ms. Vega's insurance carrier. (Doc. 1, pp. 2–7). GEICO removed this case to federal court

on June 15, 2021. (Doc. 1). GEICO answered Ms. Vega's complaint and moved to dismiss Ms. Vega's claim of bad faith (Count II) on June 22, 2021. (Docs. 9, 10). An August 16, 2021 order denied GEICO's motion to dismiss and abated Count II pending resolution of Count I of Ms. Vega's complaint. (Doc. 20). Ms. Vega moved to remand this case to state court on June 23, 2021. (Doc. 11). An August 3, 2021 order denied Ms. Vega's motion for remand. (Doc. 18).

GEICO served Ms. Vega with its Initial Requests for Production on August 17, 2021. (Doc. 28, p. 2). Ms. Vega served GEICO with Interrogatories and Requests for Production on August 26, 2021. (Doc. 26, p. 2). Ms. Vega served her responses to GEICO's Request for Production on October 1, 2021. (Doc. 28, p. 2). GEICO served Unverified Amended Responses to Plaintiff's Interrogatories and Amended Responses to Plaintiff's Request for Production on October 29, 2021. (Doc. 25, p. 2). On October 12, 2021, GEICO served its Verified Answers to Plaintiff's Interrogatories. (Doc. 26, p. 2). The parties conferred on October 19, 2021 to attempt to resolve Ms. Vega's issues with GEICO's discovery responses. (*Id*.). Ms. Vega filed her Motion to Compel on December 2, 2021. (Doc. 25). GEICO responded on December 16, 2021. (Doc. 26). GEICO also filed a Motion to Compel on January 14, 2022. (Doc. 28). Ms. Vega responded on January 17, 2022. (Doc. 29).

## II.    LEGAL STANDARD

A party may obtain discovery about any non-privileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted). A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a).

The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-cv-1185-ACC-TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

## III.    ANALYSIS

Both parties move to compel discovery from the other, (Docs. 25 and 28), and both parties respond in opposition to the other's motion. (Docs. 26 and 29). Each motion is addressed in turn.

### A. Plaintiff's Motion

Ms. Vega moves to compel GEICO to respond to Ms. Vega's Initial Interrogatories and Requests for Production. (Doc. 25). As a preliminary

matter, GEICO argues Ms. Vega fails to comply with Local Rule 3.01(a) and should be dismissed. (Doc. 26, pp. 2–3). Local Rule 3.01(a) requires all motions to include a memorandum of legal authority in support of the request sought. Local Rule 3.01(a). Failure to comply with Local Rule 3.01(a) is grounds for denial of a motion. *See DeBoskey v. SunTrust Mortg., Inc.*, No. 8:14-cv-1778-MSS-TGW, 2017 WL 10425584, at *2, *report and recommendation adopted*, 2018 WL 6168125 (M.D. Fla. Nov. 26, 2018) ("[w]here, as here, a motion violates Local Rule 3.01(a), the court may deny the motion"). Violations of this rule are found where motions are inappropriately short and lack any legal support for the movant's arguments. *See Gardner v. Mutz*, 488 F. Supp. 3d 1204, 1207 (M.D. Fla. 2020), *aff'd,* 857 F. App'x 633 (11th Cir. 2021), *cert. denied,* 142 S. Ct. 762 (2022) ("[t]he Motion is little more than one page long in substance and merely mentions Federal Rule of Civil Procedure 15(a)(2) in one sentence, which falls far short of being a memorandum of law").

Ms. Vega's motion does not violate Local Rule 3.01(a). Ms. Vega's motion cites case law in support of Ms. Vega's contentions and is not inappropriately short. (Doc. 25). The court did not have to research the law or make Ms. Vega's arguments for her. *DeBoskey*, 2017 WL 10425584, at *2 ("[I]n order to determine the merits of this motion, the court would need to research the law and make the defendant's argument for it, which is obviously improper"). Ms. Vega's motion satisfies Local Rule 3.01(a).

## I.    Unverified Interrogatories

Ms. Vega argues GEICO's unverified amended interrogatories were not answered under oath. (Doc. 25, p. 2). Fed. R. Civ. Pro. 33(b)(3) requires interrogatories be answered under oath. GEICO argues Ms. Vega did not confer with GEICO on the Unverified Amended Answers to Plaintiff's Interrogatories and Ms. Vega's motion should therefore be dismissed for failure to confer on this issue pursuant to Local Rule 3.01(g). (Doc. 26, pp. 2–3). GEICO provided Ms. Vega with an executed verification page of its Amended Answers after Ms. Vega's filed the present motion. (*Id*.). Ms. Vega's request to compel GEICO to provide a verification page is thus moot.

## II.    Improper Objections

Ms. Vega argues GEICO's maintenance of objections to interrogatories followed by answers subject to those objections for Interrogatories 3 and 9 and RFPs 2, 3, 5, 6, 7, 8, 9, and 10 are improper because the responses leave questions as to whether any responsive information was withheld based on the objection. (Doc. 25, pp. 2, 5); *see also Molina v. Hentech, LLC*, No. 6:13-cv-1111-ACC-KRS, 2014 WL 12625948, at *1, n.3 (M.D. Fla. Oct. 15, 2014) (providing information "[n]otwithstanding this objection and without waiving same . . . is improper because it leaves opposing counsel and the court with insufficient information to determine whether any responsive information was withheld based on the objection").

5

GEICO argues the information sought from the interrogatories and RFPs is objectionable because it constitutes information from GEICO's claim file that is protected by the work-product privilege. (Doc. 26, p. 4). Because Ms. Vega's bad faith claim (Count II) was abated, GEICO argues discovery into the claim file material is not yet appropriate because such information is impermissible in a breach of contract claim. (Doc. 26, pp. 3–5) (*citing Gavin's Ace Hardware, Inc. v. Federated Mut. Ins. Co.*, No. 2:11-cv-162-CEH-SPC, 2011 WL 5104476, at *3 (M.D. Fla. Oct. 27, 2011)). GEICO further contends it complied with the Federal Rules by answering the interrogatories to the extent they were not objectionable and was required to object to the interrogatories and RFPs at issue because failure to do so constitutes waiver. (Doc. 26, pp. 5–7) (*citing* Fed. R. Civ. P 33(b)(3) and 34(b)(2)(C)); *see also Middle District of Florida Discovery Handbook*, p. 15 (2021) ("failure to assert objections to an interrogatory [or a request for production] within the time for answers [or for responding] constitutes a waiver and will preclude a party from asserting the objection in a response to a motion to compel").

Generalized objections asserting work-product privilege followed by an answer notwithstanding the objection are improper. *See Middle District of Florida Discovery Handbook* at 22 (2021) ("A claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity"); *Molina*, 2014 WL 12625948, at *1, n. 3 (*citing Guzman v.*

6

*Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008)). These forms of objection and answer "preserve[] nothing and waste[] the time and resources of the parties and the court." *Martin v. Zale Delaware, Inc.*, No. 8:08-cv-47-VMC-EAJ, 2008 WL 5255555, at *2 (M.D. Fla. Dec. 15, 2008). As explained later in this order, Ms. Vega's motion to compel production of documents responsive to RFPs 3, 6, 7, 8, 9, and 10 is denied. Thus, Ms. Vega's motion to compel better responses is **GRANTED in part**. GEICO shall fully respond to Interrogatory 3, Interrogatory 9, and RFPs 2 and 5 with specific objections where appropriate.

### III.   Interrogatory 6

Ms. Vega argues GEICO's answer to Interrogatory 6 is nonresponsive and improper. (Doc. 25, pp. 3–6). Interrogatory 6 asks GEICO to "state the factual basis for each and every defense contained in your Answer to Plaintiff's Complaint, as well as the name and address of each witness whose testimony you believe will support these facts." (Doc. 25, Ex. 1, pp. 6–7). Ms. Vega asserts Interrogatory 6 requests relevant and proportional information because "Rule 8 requires that affirmative defenses have a factual basis" and "the raising on an affirmative defense without an adequate factual basis is improper." (Doc. 25, p. 3) (internal citations omitted). GEICO substantively responded to Interrogatory 6 as to GEICO's first affirmative defense, but asserted its nine other affirmative defenses were self-explanatory. (*Id.*). GEICO maintains its

7

answer is proper because the affirmative defenses are self-explanatory. (Doc. 26, pp. 6–8).

GEICO has not established how its affirmative defenses are self-explanatory. For example, GEICO's fourth affirmative defense states "Plaintiff has not sustained a permanent injury within a reasonable degree of medical probability or otherwise proved the requirements of [FLA. STAT. § 627.737]." (Doc. 10, ¶ 35). Similarly, GEICO's seventh affirmative defense states "Plaintiff failed to mitigate her damages." (Doc. 10, ¶ 38). While GEICO need not provide "detailed facts," GEICO must answer Interrogatory 6 by providing Ms. Vega with the factual bases for its affirmative defenses. *Gonzalez v. Midland Credit Management Inc.*, No. 6:13-cv-1576-RBD-TBS, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013). Ms. Vega's motion to compel as to Interrogatory 6 is **GRANTED**.

## IV.   Interrogatory 9 and RFP 2

Ms. Vega argues GEICO's objections to Interrogatory 9 and RFP 2 is improper. (Doc. 25, p. 4). Interrogatory 9 requests the names and contact information for any investigator or surveillance company hired by GEICO to investigate this lawsuit. (Doc. 25, Ex. A, p. 8). RFP 2 requests surveillance material obtained by GEICO in relation to this litigation. (Doc. 25, Ex. B). GEICO argues this information is protected by the work-product privilege,

asserts it will not produce a privilege log, and claims it does not possess any such surveillance material. (Doc. 25, pp. 8–9; Ex. A, B).

Ms. Vega relies on the Florida Supreme Court's decision in *Dodson v. Persell* for support. The court in *Dodson* held "upon request a party must reveal the *existence* of any surveillance information he possesses whether or not it is intended to be presented at trial." *Dodson v. Persell*, 390 So. 2d 704, 707 (Fla. 1980) (emphasis added). GEICO contends *Dodson* is inapplicable to Interrogatory 9 and RFP 2 both because GEICO does not "yet possess any surveillance material that it intends to use at trial" and because any potential surveillance material would be protected under the work-product doctrine. (Doc. 26, pp. 8–9). However, *Dodson*'s holding clearly requires GEICO to reveal the *existence* of any surveillance material regardless of whether it intends to present said surveillance material at trial. *Dodson*, 390 So. 2d at 707.

It remains unclear whether GEICO actually possesses any surveillance material. In its answers to Interrogatory 9 and RFP 2, GEICO both asserts any surveillance material is protected by the work-product privilege and states "no surveillance of the Plaintiff has been obtained by GEICO." (Doc. 25, Ex. A, B). In GEICO's response to Ms. Vega's motion, however, GEICO states it does not yet possess any surveillance material that it intends to use at trial. (Doc. 26, p. 9). GEICO must clarify its response to RFP 2 regarding whether GEICO has surveillance material.

9

Similarly, the identification of any investigators or surveillance companies hired by GEICO for this litigation is not protected by the work-product privilege. Fed. R. Civ. P. 26(b)(3) (defining work product as documents and other *tangible* things prepared in anticipation of litigation by or for another party or its representative) (emphasis added). *See also Berlinger v. Wells Fargo, N.A.*, No. 2:11-cv-459-JES-CM, 2012 WL 695836, at *2 (M.D. Fla. Mar. 1, 2012) ("[n]aming the individual that answered or that were tasked with gathering the information to answer the interrogatories is not protected by the attorney-client privilege nor is it protected attorney work product"). Thus, GEICO shall provide Ms. Vega with an amended answer to Interrogatory 9 either asserting the requested information is privileged or identifying any investigators or surveillance companies hired by GEICO for this litigation.

The motion to compel is therefore **GRANTED** as to Interrogatory 9 and **GRANTED in part** as to RFP 2. GEICO shall fully respond to Interrogatory 9 and clarify its response to RFP 2 and state whether GEICO has surveillance material.

## V.    RFPs 3, 6, 7, 8, 9, and 10

Ms. Vega argues GEICO's objections to producing photographs or videos displaying how the scene existed at the time of the accident or documents evidencing the nature and extent of damage sustained or repaired to each vehicle as requested in RFPs 3, 6, 7, 8, 9, and 10 are improper. (Doc. 25, p. 4).

As the cases cited in Ms. Vega's motion detail, Rule 26(b)(3) requires requesting parties pursuing this form of documentary evidence prepared in anticipation of litigation demonstrate some undue hardship caused by failure to obtain the types of materials requested. (*Id.*). *See Reedy v. Lull Engineering Co., Inc.*, 137 F.R.D. 405, 408 (M.D. Fla. 1991) (party entitled to discover photographs, videotapes, or other images of the accident scene because requesting party met the demonstration of undue hardship requirement of Fed. R. Civ. P. 26(b)(3)); *Vesta Fire Ins. Corp. v. Figueroa*, 821 So. 2d 1233, 1236-1237 (Fla. 5th DCA 2002) ("[i]f the requisite showing under Rule 1.280(b)(3) can be made, the work product may be obtainable"); *Florida Power Corp. v. Dunn*, 850 So. 2d 655 (Fla. 2d DCA 2003) ("Florida Power is entitled to production of the photographs of the scene as it existed at the time of the accident because it has met the burden in Florida Rule of Civil Procedure 1.280(b)(3) to show that due to exceptional circumstances it is unable to obtain the substantial equivalent of the materials by other means").

Ms. Vega's motion does not address the undue hardship requirement. (Doc. 25, p. 4). Thus, Ms. Vega has not demonstrated undue hardship necessitating GEICO's production of documents described in RFPs 3, 6, 7, 8, 9, and 10. The motion to compel as to RFPs 3 and 6–10 is **DENIED**.

However, GEICO claims (since it was neither party nor witness to the car accident) "the primary way for GEICO to obtain photographs which display

factually how the scene existed at the time is from the two known parties that were involved in the accident—Plaintiff herself or the alleged tortfeasor, Andrew Griffis." (Doc. 26, pp. 10). GEICO also claims it is pursuing this information via non-party subpoena to the insurance company for Mr. Griffis. (*Id*.). GEICO requested this information be produced by Mr. Griffis by November 2021. (Doc. 26, Ex. A). GEICO filed its Response in Opposition to Plaintiff's Motion on December 16, 2021 but makes no mention of whether GEICO actually received this non-party discovery. If GEICO has obtained relevant materials via non-party subpoena, such information would not be in the possession of Ms. Vega and should be produced.

### B. Defendant's Motion

GEICO moves to compel Ms. Vega to produce responsive documents and electronically stored information in response to RFPs 18, 19, and 20. (Doc. 28). RFPs 18, 19, and 20 concern the production of account data for social media accounts on Instagram and Facebook. (Doc. 28, pp. 2–3). The requests include Ms. Vega's account history, including any profile information, postings, pictures, and data available from the date of the car accident through the present. (*Id*.). Ms. Vega objects to RFPs 18, 19, and 20, stating the requests are overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. (*Id*.; Doc. 29).

Social media content may be subject to discovery. *See Martin v. Halifax Healthcare Sys., Inc.*, No. 6:12-cv-1268-GAP-DAB, 2013 WL 12153535, at *2 (M.D. Fla. Dec. 31, 2013). Social media content "is neither privileged nor protected by any right of privacy." *Davenport v. State Farm. Mut. Auto. Ins. Co.*, No. 3:11-cv-632-JBT, 2012 WL 555759, at *1 (M.D. Fla. Feb. 21, 2012). However, as with other discoverable material, social media content "is subject to the threshold showing that the discovery is relevant to a party's claim or defense and proportional to the needs of the case." *Rollins v. Banker Lopez & Gassler*, No. 8:19-cv-2336-VMC-SPF, 2020 WL 1939396, at *2 (M.D. Fla. Apr. 22, 2020). By following the standard for discovery, this prevents parties from engaging "in the proverbial fishing expedition, in the hope that there might be something of relevance" in the opposing party's social media. *Davenport*, 2012 WL 555759, at *1.

"Courts within the Eleventh Circuit have noted that 'social media content is generally discoverable,' particularly where, as in this case, the plaintiff's physical condition is at issue." *Dickerson v. Barancik*, No. 8:18-cv-895-CEH-JSS, 2019 WL 9903813, at *1 (M.D. Fla. Oct. 22, 2019) (*citing Anderson v. City of Fort Pierce*, No. 2:14-cv-14095-JEM, 2015 WL 11251963, at *2 (S.D. Fla. Feb. 12, 2015)). Here, both GEICO and Ms. Vega agree that because Ms. Vega asserts in her complaint she has suffered a permanent injury and other medical complications from the car accident, her physical condition

13

is at issue in this litigation. (Doc. 1-1, ¶ 10). Ms. Vega fails to establish GEICO's requests are overbroad, unduly burdensome, or unreasonable. The motion to compel as to RFPs 18–20 is therefore **GRANTED**.

## IV.    CONCLUSION

GEICO's Motion to Compel (Doc. 28) is **GRANTED**.  Ms. Vega's Motion to Compel (Doc. 25) is **GRANTED in part** and **DENIED in part**. No later than **May 6, 2022,** GEICO must produce documents responsive to Interrogatory 6, Interrogatory 9 and RFP 2 and fully respond to Interrogatory 3, Interrogatory 9, and RFPs 2 and 5 with specific objections where appropriate, and Ms. Vega must produce her social media account data.

**ORDERED** in Tampa, Florida, on April 11, 2022.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge